**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JAMES STEPHAN PINSON,

    Petitioner,

v.

JOHN BOYNTON,

    Respondent,

_____/

Civil No. 2:09-13640
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

James Stephan Pinson, ("Petitioner"), presently confined at the Alger Correctional Facility in Munising, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for armed robbery, M.C.L.A. 750.529; conspiracy to commit armed robbery, M.C.L.A. 750.157a, two counts of possession of a firearm during the commission of a felony, M.C.L.A. 750.227b, fleeing and eluding, third degree, M.C.L.A. 750.479a, felon in possession of a firearm, M.C.L.A. 750.224f, resisting and obstructing a police officer, causing injury, M.C.L.A. 750.81d; and being fourth felony habitual offender, M.C.L.A. 769.12. Respondent has filed a motion for summary judgment, contending that petitioner has failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has filed a reply to the motion. For the reasons stated below, the petition for a writ of habeas corpus is **SUMMARILY DISMISSED**.

1

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Saginaw County Circuit Court. Petitioner's direct appeals with the Michigan courts ended on July 26, 2005, when the Michigan Supreme Court denied petitioner leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Pinson,* 473 Mich. 884 (2005).

On October 26, 2006, petitioner filed a post-conviction motion for relief from judgment with the trial court pursuant to M.C.R. 6.500, *et. seq.*, which was denied by the trial court on February 21, 2007. *People v. Pinson,* No. 03-022986-FC-2 (Saginaw County Circuit Court, February 21, 2007). Petitioner's application for leave to appeal to the Michigan Court of Appeals was dismissed as being untimely, because petitioner failed to file his application for leave to appeal within twelve months of the trial court's denial of his post-conviction motion, as required by M.C.R. 7.205(F)(3). *People v. Pinson,* No. 283793 (Mich.Ct.App. April 9, 2008); *reconsideration den.* May 29, 2008.

On June 4, 2008, petitioner filed a protective petition for writ of habeas corpus with the United States District Court for the Eastern District of Michigan. On July 8, 2008, petitioner's application for habeas relief was held in abeyance by Judge Paul V. Gadola and the case was administratively closed. *Pinson v. Sherry,* No. 2008 WL 2714428 (E.D. Mich. July 8, 2008). The Michigan Supreme Court denied petitioner's post-conviction appeal on December 18, 2008. *People v. Pinson,* 482 Mich. 1119 (2008).

On or about February 19, 2009, petitioner filed a new habeas petition with the United States District Court for the Western District of Michigan and was given a new case number. After petitioner corrected a filing fee deficiency, the United States District Court

for the Western District of Michigan transferred this case to the United States District Court for the Eastern District of Michigan. *Pinson v. Boynton,* U.S.D.C. 2:09-CV-43 (W.D. Mich. September 10, 2009).

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(*quoting* Fed. R. Civ. P. 56(c). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 835 (E.D. Mich. 2001). The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied leave to appeal on July 26, 2005. Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on October 24, 2005, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Holloway*, 166 F. Supp. 2d at 1188. Absent collateral review, petitioner would have until October 24, 2006 to file his habeas petition in compliance with the statute of limitations.

Petitioner filed his post-conviction motion for relief from judgment on October 26, 2006, two days after the one year limitations period had already expired. 28 U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Corbin,* 156 F. Supp. 2d at 836. However, a state court post-conviction motion that is filed following the expiration of the limitations period for seeking federal habeas relief cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2), because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *See also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir.

4

2003). The instant petition is therefore untimely.

Compounding petitioner's untimeliness is the fact that after the trial court denied petitioner's post-conviction motion on February 21, 2007, petitioner's application for leave to appeal was not filed with the Michigan Court of Appeals until February 22, 2008. The Michigan Court of Appeals dismissed petitioner's appeal as untimely, because the appeal had not been filed within twelve months of the trial court's denial of the motion for relief from judgment, as required by Michigan law.

An application for state post-conviction relief is considered "properly filed", for purposes of § 2244(d)(2), when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g. requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery." *Israfil v. Russell,* 276 F. 3d 768, 771 (6th Cir. 2001). A criminal defendant in Michigan has twelve months from the denial of a motion for relief from judgment by the trial court to file an application for leave to appeal with the Michigan Court of Appeals. M.C.R. 6.509; M.C.R. 7.205(F)(3). Petitioner's untimely application for leave to appeal the state trial court's order denying his post-conviction motion would not toll the limitations period pursuant to § 2244(d)(2), because the application for leave to appeal was not filed in compliance with Michigan court rules. *See Palmer v. Lavigne,* 43 Fed. Appx. 827, 829 (6th Cir. 2002). The Michigan Court of Appeals concluded that petitioner's application for leave to appeal the denial of his post-conviction motion was untimely and a federal habeas court must defer to a state court's ruling as to whether a post-conviction motion was properly filed. *Id.; Israfil,* 276 F. 3d at 771-72 (habeas court must defer to state appellate court's finding as to whether a habeas petitioner's application

5

to appeal the denial of state post-conviction relief was timely). Finally, because the Michigan Court of Appeals expressly held that petitioner had not timely appealed the trial court's decision, the Michigan Supreme Court's decision not to review the case is presumed to rest upon that ground as well. *Palmer,* 43 Fed. Appx. at 829. Petitioner's habeas petition was not filed in compliance with the one year limitations period. [1]

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 2562 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In his reply to the motion for summary judgment, petitioner argues that he is entitled to equitable tolling of the limitations period because he gave his post-conviction application for leave to appeal to his prison counselor on February 20, 2008 to be sent by expedited mail to the Michigan Court of Appeals and that his counselor's failure to do so resulted in his post-conviction application for leave to appeal being rejected as untimely.

The first problem with petitioner's argument is that both he and respondent ignore the fact that the one year limitations period had already expired by the time that petitioner initially filed his post-conviction motion for relief from judgment with the state courts. Equitable tolling does not operate to revive an expired limitations period. *See Downs v.*

---

[1] Petitioner and respondent also dispute over whether petitioner adequately complied with Judge Gadola's directive to re-file his habeas petition within sixty days of the conclusion of his post-conviction proceedings. Respondent claims that petitioner did not comply with Judge Gadola's order because he did not re-file his habeas petition until June 22, 2009. Petitioner, on the other hand, states that he mailed the current habeas petition on February 17, 2009, albeit to the wrong district court. It is unnecessary to resolve this issue because even giving petitioner the benefit of the doubt that he complied with the terms of Judge Gadola's order, the current petition is still untimely.

*McNeil*, 520 F.3d 1311, 1325 (11th Cir. 2008). "[E]quitable tolling functions to halt an already running limitations period that has not expired; it does not function to revive a stale claim." *Lewis v. United Air Lines, Inc.,* 117 F. Supp. 2d 434, 441 (D.N.J. 2000).

Moreover, petitioner would be unable to avail himself of the "prison mailbox rule" enunciated in *Houston v. Lack*, 487 U.S. 266, 276 (1988) to argue that his state post-conviction motion for relief from judgment was filed with the state courts, for purposes of § 2244(d)(2), when he allegedly handed his motion to his prison counselor for mailing. Michigan does not recognize the prison mailbox rule, *See Moore v. Michigan Department of Corrections*, 462 Mich. 872, 873; 615 N.W. 2d 212 (2000)(Corrigan, J., concurring); *Walker-Bey v. Department of Corrections*, 222 Mich. App. 605, 606; 564 N. W. 2d 171 (1997), nor is it mandated by the federal constitution. The U.S. Supreme Court in *Houston* did not hold that the prison mailbox rule was constitutionally required. The rationale of *Houston* was not constitutional or equitable in nature; instead, it was based on an interpretation of the word 'filed' in the federal rule and statute governing the timeliness of notices of appeal. *Jenkins v. Burtzloff*, 69 F. 3d 460, 461 (10th Cir. 1995). The federal mailbox rule therefore cannot be applied by a federal habeas court to determine that a prisoner's state post-conviction pleading had been timely filed, where the mailbox rule has been rejected by that state's appellate courts. *See Vroman v. Brigano,* 346 F. 3d 598, 603-04 (6th Cir. 2003).

Petitioner is also not entitled to invoke the prison mailbox rule, because there is no evidence that petitioner followed the established prison procedures for mailing legal pleadings by giving his application for leave to appeal to his prison counselor. In *United States v. Bell,* 203 F. Supp. 2d 1287, 1291 (S.D. Ala. 2002), the federal district court held

7

that under the prison mailbox rule, a *pro se* federal prisoner's motion to vacate sentence which had been filed pursuant to 28 U.S.C. § 2255, was filed on the date that the signed and executed motion was delivered into the prison's legal mailbox according to the prison's established procedures, not earlier, when the prisoner had delivered the motion to a prison counselor with no apparent authority to mail the motion. In this case, petitioner has offered no evidence that his prison counselor had the authority to mail his legal pleadings for him. Therefore, the mailbox rule is inapplicable to determining the date that motion for relief from judgment was filed.

Finally, to the extent that petitioner is arguing lack of prejudice in support of equitable tolling, absence of prejudice to a respondent is a factor to be considered by a federal court on habeas review only after a factor which might justify equitable tolling is identified. *See Vroman,* 346 F. 3d at 605.

Petitioner further appears to argue that this Court should ignore the limitations period because his claims have merit. The AEDPA's statute of limitations must be complied with by a habeas petitioner before a federal court can address the merits of the habeas petition itself. *See Sweger v. Chesney,* 294 F. 3d 506, 518-19 (3rd Cir. 2002). A merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007). Because petitioner's habeas application is untimely, the Court would not err in declining to address the merits of petitioner's substantive claims.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual

innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (*quoting Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (*quoting Schlup,* 513 U.S. at 321).

Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Petitioner's sufficiency of evidence claim cannot be considered by this Court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations period. *Redmond,* 295 F. Supp. 2d at 773; *Grayson v. Grayson,* 185 F. Supp. 2d 747, 752 (E.D. Mich. 2002). Likewise, petitioner's prosecutorial misconduct claim relates to the fundamental fairness of his trial and not to his actual innocence, and therefore cannot toll the limitations period based on an actual innocence exception. *See Cannon v. Johnson,* 23 Fed. Appx. 218, 220 (6th Cir. 2001). Finally, petitioner's claim that the state court misapplied Michigan's habitual offender statute does not fit within the actual innocence exception enunciated in *Souter* for tolling the limitations period. *See Craig v.*

9

*White,* 227 Fed. Appx. 480, 481-82 (6th Cir. 2007).

## III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). Accordingly, the Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson*, 185 F. Supp. 2d at 753. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## IV. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 17, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 17, 2010, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager